UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSFRESH CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GANZERLA & ASSOCIATES, INC.,<br><br>　　　　　Defendant. | Case No. 13-cv-01730-JCS<br><br>**ORDER RE MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND ALTERNATIVELY TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 29 |

Plaintiff Transfresh Corporation ("Transfresh") initiated this action to obtain a temporary restraining order and preliminary injunction. On April 30, 2013, following a hearing, the Court denied Transfresh's motion, finding that Transfresh failed to establish that any provisional remedy was warranted. Subsequently, the Court issued an Order to Show Cause "why this action should not be dismissed without prejudice based on the Court's ruling and in light of the Settlement Agreement between the parties, which limits the remedies available in this Court to provisional relief." The parties filed responsive briefs, and in addition, Defendant Ganzerla & Associates, Inc. ("Ganzerla") filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Alternatively to Compel Arbitration ("Motion"). Transfresh agrees that all of the disputes raised in this action are subject to arbitration. Thus, the only issue before the Court is whether the action should be stayed or dismissed without prejudice.

The Court finds that it is in the interest of judicial economy to stay the instant action pending arbitration rather than dismiss it. *See U.S. for Use and Benefit of Newton v. Neumann Caribbean Intern., Ltd.*, 750 F.2d 1422, 1426-1427 (9th Cir. 1985) (holding that district court did

not abuse its discretion in staying claims pending arbitration because stay was in the interest of judicial economy). In particular, by staying the instant action, any future disputes that arise relating to the provisional remedies allowed under the settlement agreement or enforcement of any arbitration award may be raised in this action rather than requiring that a new action be filed.

Accordingly, the Court GRANTS Ganzerla's Motion to the extent that it orders the parties to submit their disputes to arbitration and stays the instant action pending arbitration. The parties shall notify the Court within ten days of a final decision by the arbitrator and submit a joint statement addressing whether the case should be dismissed at that time. The Motion hearing set for **June 28, 2013 at 9:30 a.m. is vacated**.

**IT IS SO ORDERED**.

Dated: May 31, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge